# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CIVIL NO. 1:04CV165

| | | |
|---|---|---|
| **DIRECTV, INC.,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| Vs. | ) | **O R D E R** |
| | ) | |
| **WAYNE DRAKE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Plaintiff's motion for entry of default judgment.

By complaint filed August 12, 2004, DIRECTV, Inc. (Plaintiff) brought this action against Wayne Drake (Defendant) for violations of the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521, *et seq.*, and the Electronic Communications Policy Act of 1986, 18 U.S.C. §§ 2510, *et seq.* **Complaint, filed August 12, 2004.** The complaint alleges that the Defendant purchased a bootloader, a pirate access device, in violation of 47 U.S.C. §§ 605(e)(3)(C) and (e)(4). Another cause of action is alleged for a violation of 18 U.S.C. § 2511 for the illegal interception of the Plaintiff's wire and electrical transmissions. State law claims for violations of the North Carolina statutes addressing theft and interception of telecommunication services and electronic communications were also stated. Another claim for unfair trade practices was also alleged.

Service was effected on September 18, 2004. **Affidavit of Service, filed October 15, 2004.** The Defendant failed to answer or otherwise appear in the action and entry of default was filed by the Clerk of Court on January 21, 2005. **Entry of Default, filed January 21, 2005.** On May 9, 2005, the Plaintiff moved for default judgment and served a copy of the motion on the Defendant at the same address at which personal service of the complaint had been effected. **Plaintiff's Motion for Default Judgment against Defendant Drake and for Certification of Final Judgment, filed May 9, 2005.** No response has been received from the Defendant.

The complaint alleges that only one device was purchased by the Defendant. **47 U.S.C. § 605(e)(3)(C)(i)(II) ("[T]he party aggrieved may recover an award of statutory damages for each violation[.]").** Moreover, because the complaint alleged "upon information and belief" that the Defendant's conduct was for the purposes of private financial gain, the Court, declining to conduct a hearing on this matter,[1] will not make an award of statutory damages pursuant to 47 U.S.C. § 605(e)(3)(c)(ii). **Fed. R. Civ. P. 55(b)(2) ("If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings . . . as it deems necessary and proper . . . .").** In the absence of any justification for an increase above the statutory minimum of $1,000, this Court cannot find that any amount in excess of that minimum constitutes a sum certain for purposes of default judgment. ***DIRECTV, Inc. v. Hamilton*, 215 F.R.D. 460 (S.D.N.Y. 2003); *DIRECTV, Inc. v. Kaas*, 294 F.Supp.2d 1044 (N.D. Iowa 2003)**

---

[1] And, none having been requested by the parties, the Court finds a hearing unnecessary under the facts.

**(limiting damages on default to $1,000 per device.)** Because the statute authorizes the same, an award of attorneys' fees and costs will be granted.

The Court declines to make any award as to any other claim asserted, finding that the Plaintiff has been injured once by the Defendant's conduct and is thus entitled to only one recovery.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Defendant Wayne Drake is in default;

2. The conduct described in the complaint is in violation of 47 U.S.C. § 605;

3. The Plaintiff is hereby awarded statutory damages in the amount of $1,000;

4. The Defendant Wayne Drake is hereby enjoined from conduct described in the complaint which would be in violation of the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521, *et seq.*, and the Electronic Communications Policy Act of 1986, 18 U.S.C. §§ 2510, *et seq.*;

5. The Plaintiff is hereby awarded attorneys' fees in the amount of $444.50 and costs in the amount of $240.00.

A Judgment is filed herewith.

**Signed: June 8, 2005**

Lacy H. Thornburg
United States District Judge